### IN THE UNITED STATES DISTRCIT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS,
### EASTERN DIVISION

JEREMY KEY and JOENQUEL FRAZIER,)

<div style="margin-left:4em">Plaintiffs,</div>

vs.                                    No.: 16 cv 07576

CITY OF CHICAGO, a Municipal          **JURY TRIAL DEMANDED**
Corporation, WILLIAM ELLIOT and
LUIS CASTELLANOS,

<div style="margin-left:4em">Defendants,</div>

### FIRST AMENDED COMPLAINT AT LAW

NOW COME the Plaintiffs, JEREMY KEY and JOENQUEL FRAZIER, by and

through their attorneys, AMBROSE BUTZEN LAW GROUP, P.C., and complaining of

the Defendants, THE CIY OF CHICAGO, a Municipal Corporation, WILLIAM ELLIOT

and LUIS CASTELLANOS, states as follows:

### INTRODUCTION

The Plaintiffs, JEREMY KEY, an African-American citizen, and his wife,

JOENQUEL FRAZIER, have brought this action to recover damages from the

Defendants, THE CITY OF CHICAGO, a Municipal Corporation, WILLIAM ELLIOT

and LUIS CASTELLANOS, for violating the rights of Plaintiff JEREMY KEY secured

by the Fourth and Fourteenth Amendments to the United States Constitution and under

federal law (42 U.S.C. § 1983), and their commission of Illinois common law torts of

false imprisonment, false arrest and battery.

The Plaintiffs claim that Defendants WILLIAM ELLIOT and LUIS

CASTELLANOS, while acting in the scope of their employment and under color of state

<div style="text-align:center">1</div>

law as Chicago Police Officers, made an unlawful stop and arrest of Plaintiff JEREMY KEY and used excessive force in effectuating the arrest.

The Plaintiffs claim that the conduct of Defendants WILLIAM ELLIOT and LUIS CASTELLANOS was proximately caused by the deliberately indifferent customs, policies, and practices of Defendant THE CITY OF CHICAGO, as promulgated, enforced, and disseminated by its police department, in failing to properly train and supervise the individual Defendants in the proper use of force and techniques used to secure the arrest of a citizen, and its establishment of race based policies, procedures, practices and customs regarding arrests that result in the excessive use of force and other police misconduct against citizens of African-American descent.

Plaintiff JEREMY KEY seeks compensatory and punitive damages, an award of costs, prejudgment interest, and attorneys' fees pursuant to 42 U.S.C. Section 1983, and such other and further relief as this Court deems just and proper.

Plaintiff JOENQUEL FRAZIER seeks damages for the loss of the consortium of her husband, JEREMY KEY, arising out of the injuries he sustained.

The amount in controversy is in excess of $75,000.

## JURISDICITON AND VENUE

1.      This action is brought pursuant to the Civil Rights Act, 42 U.S.C Sections 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343 and 2201, and the Plaintiffs further invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. Section 1367, over any and all state law claims and as

2

against all parties that are so related to the claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

3.     Venue is properly set in the United States District Court for the Eastern District of Illinois pursuant to 28 U.S.C. § 1391(b) and (c) in that Defendant CITY OF CHICAGO is administratively located within the Northern District of Illinois, the events giving rise to these claims occurred within the boundaries of the Northern District of Illinois and, on information and belief, each of the named individual Defendant police officers reside in this judicial district.

## JURY TRIAL DEMANDED

4.     The Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## PARTIES

5.     At all relevant times herein, Plaintiff JEREMY KEY was a citizen of African-American descent and resident of the City of Chicago, County of Cook and State of Illinois.

6.     At all relevant times herein, Plaintiff JOENQUEL FRAZIER was a citizen of African-American descent and resident of the City of Chicago, County of Cook and State of Illinois, and was the lawfully wedded wife of Plaintiff JEREMY KEY.

7.     On information and belief, Defendant WILLIAM ELLIOT is Caucasian and was and is a citizen and resident of the City of Chicago, County of Cook and State of Illinois.

3

8.      On information and belief, Defendant LUIS CASTELLANOS is of Hispanic decent and was and is a citizen and resident of the City of Chicago, County of Cook and State of Illinois.

9.      Defendant CITY OF CHICAGO is a municipal corporation duly incorporated under the laws of the State of Illinois, the employer and principal of Defendants WILLIAM ELLIOT and LUIS CASTELLANOS, and legally responsible for the policies, practices and customs of its Police Department, City Council, Independent Police Review Authority, and Police Board.

10.     At all times relevant herein, Defendants WILLIAM ELLIOT and LUIS CASTELLANOS were duly appointed and acting officers, servants, employees and agents of the Chicago Police Department, a municipal agent of Defendant CITY OF CHICAGO.

11.     Defendants WILLIAM ELLIOT and LUIS CASTELLANOS are sued in their individual capacities.

## FACTS COMMON TO ALL COUNTS

12.     On or about March 9, 2016, in the early afternoon, Plaintiff JEREMY KEY was conducting himself peacefully in front of his mother's residence located at 5521 S. Carpenter Street, in the City of Chicago, County of Cook and State of Illinois.

13.     On March 9, 2016, in the early afternoon, Defendants WILLIAM ELLIOT and LUIS CASTELLANOS approached Plaintiff JEREMY KEY and his mother after stopping the Plaintiff's mother for driving an automobile with expired license plates.

14.     While Defendants WILLIAM ELLIOT and LUIS CASTELLANO were in the process of issuing the Plaintiff's mother a traffic citation, Plaintiff JEREMY KEY

4

questioned the officers' legal authority to do so, whereupon Defendants WILLIAM ELLIOT and LUIS CASTELLANOS became irate at the questioning of their legal authority by a young African-American male.

15.     Before leaving the scene, Defendant LUIS CASTELLANOS pointed his finger at Plaintiff JEREMY KEY and told him that they were going to come back and "get him."

16.     On or about March 9, 2016, at approximately 6:30 p.m., Plaintiff JEREMY KEY was conducting himself peacefully in front of his mother's residence located at 5521 S. Carpenter Street, in the City of Chicago, County of Cook and State of Illinois with several other young African-American males, none of whom had been or were engaging in any criminal activity.

17.     At all relevant times herein, Plaintiff JEREMY KEY was conducting himself lawfully and peacefully and was not, and had not, committed any criminal acts.

18.     On March 9, 2016, at approximately 6:30 p.m., Defendants WILLIAM ELLIOT and LUIS CASTELLANOS drove back to the residence at 5521 S. Carpenter Street for the sole purpose of arresting Plaintiff JEREMY KEY, despite the fact that he had not and was not committing any criminal acts, because he as of African-American descent and had questioned their authority earlier in the day.

19.     Upon arriving at the Carpenter Street address, Defendants WILLIAM ELLIOT and LUIS CASTELLANOS signaled out Plaintiff JEREMY KEY out from the group of young men and, without probable cause, articuable suspicion, or provocation from the Plaintiff, or justification, proceeded to detain Plaintiff JEREMY KEYS for allegedly obstructing traffic, and then repeatedly struck all in violation of his rights under

5

the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C

Section 1983.

20.     In the process of attempting to unlawfully detain Plaintiff JEREMY KEY,

Defendant WILLIAM ELLIOT struck the Plaintiff with a baton, all without probable

cause or justification, and with the express intent to goad Plaintiff JEREMY KEYS to

defend himself and thereby enable Defendants WILLIAM ELLIOT and LUIS

CASTELLANOS to arrest him for resisting arrest, and then Defendants WILLIAM

ELLIOT and LUIS CASTELLANOS repeatedly struck Plaintiff JEREMEY KEYS with

their fists and a baton, all without probable cause or justification, in violation of his rights

under the Fourth and Fourteenth Amendments to the United States Constitution and 42

U.S.C Section 1983.

21.     At no time during the above described events did Plaintiff JEREMY KEY

pose a threat to the safety of Defendants WILLIAM ELLIOT and LUIS

CASTELLANOS, or any other of the police officers or other individuals that were

present at the time, or prior to that time.

22.     At no time during the course of the above described events did Plaintiff

JEREMY KEY commit an assault or battery upon Defendants WILLIAM ELLIOT and

LUIS CASTELLANOS during the process of effectuating the detention or arrest.

23.     After placing Plaintiff JEREMY KEY under arrest, Defendants

WILLIAM ELLIOT and LUIS CASTELLANOS jointly agreed and/or conspired with

one another to falsely arrest him for the crimes of obstruction of traffic by a non-motorist,

disorderly conduct, assault upon a police officer and battery of a police officer, and to

use excessive force against him, and to cover up their conduct in falsely arresting him and

6

their excessive use of force, all without probable cause or justification, by the following acts of omission and commission:

    (a)    created and signed off on false and misleading reports about the Plaintiff's conduct occurring prior to the arrest and the circumstances of the Plaintiff's arrest;

    (b)    colluded with each other in preparing a series of false police reports; and

    (c)    conspired with the other members of the Chicago Police Department who were present at the time of the arrest in an attempt to conform their stories, at last in part, to match other officers' account of the incident.

24.    All of the above-described acts were performed by Defendants WILLIAM ELLIOT and LUIS CASTELLANOS intentionally, knowingly, willfully, wantonly, maliciously and/or recklessly in disregard for the Plaintiff JEREMY KEY's federally protected rights..

25.    All of the above-described acts were performed by Defendants WILLIAM ELLIOT and LUIS CASTELLANOS for the purpose of depriving Plaintiff of the equal protection and benefits of the law, equal privileges and immunities under the law, and due process violation of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. Section 1983

26.    At all times relevant herein, Defendants WILLIAM ELLIOT and LUIS CASTELLANOS were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of Illinois and the Chicago Police Department.

27.    At all times relevant herein, Defendants WILLIAM ELLIOT and LUIS CASTELLANOS were acting within the course and scope of their duties and functions as officers, servants, and employees of Defendant CITY OF CHICAGO, were acting for,

7

and on behalf of, and with the power and authority vested in them by the CITY OF

CHICAGO and the Chicago Police Department, and were otherwise performing and

engaging in conduct incidental to the performance of their lawful functions in the course

of their duties.

28.     All of the above-described acts were done by the Defendants pursuant to

the preexisting and ongoing deliberately indifferent official race based custom, practice,

decision, policy, training and supervision of Defendant CITY OF CHICAGO and the

Chicago Police Department

29.     On information and belief, Plaintiff JEREMY KEY's race was, at least in

part, a motivating factor in the decision to use excessive force and falsely arrest him

without probable cause or justification.

<div align="center">

**COUNT I**
**JERMEY KEY v. WILLIAM ELLIOT and LUIS CASTELLANOS**
**Violation of Civil Rights Pursuant to Title 42 U.S.C Section 1983 – Excessive Force**

</div>

30.     Plaintiff JEREMY KEY restates and re-alleges paragraphs one (1) through

and including twenty-nine (29), as alleged aforesaid, as paragraph 30 of Count I of his

complaint as fully restated and incorporated herein.

31.     Plaintiff JEREMY KEY has a right to be free of excessive force and

unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution

of the United States.

32.     The conduct of Defendants WILLIAM ELLIOT and LUIS

CASTELLANOS, as alleged aforesaid, was totally without probable cause, was

excessive, was done maliciously, falsely and in bad faith, was objectively unreasonable in

<div align="center">

8

</div>

light of the facts and circumstances confronting them and continued for a prolonged, unnecessary, and unreasonable period of time.

33.     The conduct of Defendants WILLIAM ELLIOT and LUIS CASTELLANOS was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's rights as guaranteed under 42 USC Section 1982, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from the use of excessive, unreasonable, and unjustified force.

34.     As the direct and proximate result of one or more of the intentional acts or omissions of Defendants WILLIAM ELLIOT and LUIS CASTELLANOS, as alleged aforesaid, Plaintiff JEREMY KEY was caused severe and permanent injuries that required and will continue to require the incurrence of significant medical bills for necessary medical care and treatment. As a further result, he was caused pain and suffering, loss of a normal life, lost wages and earning capability, an increased likelihood of future injury, all of which are expected to continue into the future on a permanent basis.

WHEREFORE the Plaintiff, JEREMY KEY, prays that this Honorable Court enter judgment in his favor and against the Defendants, WILLIAM ELLIOT and LUIS CASTELLANOS, and each of them, in an amount in excess of seventy-five thousand dollars ($75,000.00), punitive damages, attorneys' fees and costs pursuant to 42 U.S.C. Section 1988, pre-judgment interest and costs as allowable by federal law.

**COUNT II**
**JEREMY KEY v. WILLIAM ELLIOT and LUIS CASTELLANOS**
**Violation of Civil Rights Pursuant to Title 42 U.S.C Section 1983 – False Arrest**

9

35.     Plaintiff JEREMY KEY restates and re-alleges paragraphs one (1) through and including twenty-nine (29), as alleged aforesaid, as paragraph 35 of Count II of his complaint as fully restated and incorporated herein.

36.     Defendants WILLIAM ELLIOT and LUIS CASTELLANOS detained and arrested Plaintiff JEREMY KEY for the crimes of obstruction of traffic by a non-motorist, disorderly conduct, assault upon a police officer and battery of a police officer, without probable cause or any legal justification to do so, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

37.     As a direct and proximate result of his false arrest, Plaintiff JERMEY KEY suffered severe and the permanent physical and psychological injuries as well as humiliation, injury to his reputation and loss of a normal life, as well as the costs of hiring a criminal defense attorney to defend him against the criminal charges brought against him as a proximate result of the conduct of Defendants WILLIAM ELLIOT and LUIS CASTELLANOS, including charges for obstruction of traffic by a non-motorist, disorderly conduct, assault upon a police officer and battery of a police officer.

WHEREFORE the Plaintiff, JEREMY KEY, prays that this Honorable Court enter judgment in his favor and against the Defendants, WILLIAM ELLIOT and LUIS CASTELLANOS, and each of them, in an amount in excess of seventy-five thousand dollars ($75,000.00), punitive damages, attorneys' fees and costs pursuant to 42 U.S.C. Section 1988, pre-judgment interest and costs as allowable by federal law.

## COUNT III
### JEREMY KEY v. WILLIAM ELLIOT and LUIS CASTELLANOS
#### Violation of Civil Rights Pursuant to Title 42 U.S.C Section 1983 – Conspiracy

38.     Plaintiff JEREMY KEY restates and re-alleges paragraphs one (1) through and including twenty-nine (29), as alleged aforesaid, as paragraph 38 of Count III of his complaint as fully restated and incorporated herein.

39.     Defendants WILLIAM ELLIOT and LUIS CASTELLANOS conspired to together, and with other unidentified Chicago Police Officers, reached an understanding, engaged in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves to unreasonably stop, seize and beat Plaintiff JEREMY KEY, without probable cause or any legal justification to do so, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

40.     The actions of Defendants WILLIAM ELLIOT and LUIS CASTELLANOS, as alleged herein, were done jointly, in concert, and with shared intent, and therefore, constitute a continuing civil conspiracy under 42,U.S.C Section 1983 to deprive Plaintiff JEREMY KEY of his constitutional rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

41.     In furtherance of this conspiracy or conspiracies, the Defendants committed over acts as alleged in this complaint.

42.     These conspiracies are continuing.

43.     As a direct and proximate result of the conduct of Defendants WILLIAM ELLIOT and LUIS CASTELLANOS to conspire together to deprive Plaintiff JEREMY KEY of his constitutional rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, Plaintiff JEREMY KEY suffered severe and the permanent physical and psychological injuries as well as humiliation, injury to his

11

reputation and loss of a normal life, as well as the costs of hiring a criminal defense attorney to defend him against the criminal charges brought against him.

WHEREFORE the Plaintiff, JEREMY KEY, prays that this Honorable Court enter judgment in his favor and against the Defendants, WILLIAM ELLIOT and LUIS CASTELLANOS, and each of them, in an amount in excess of seventy-five thousand dollars ($75,000.00), punitive damages, attorneys' fees and costs pursuant to 42 U.S.C. Section 1988, pre-judgment interest and costs as allowable by federal law.

<div align="center">

**COUNT IV**
**JEREMY KEY v. WILLIAM ELLIOT and LUIS CASTELLANOS**
**Violation of Illinois Common Law- Battery**

</div>

44.     Plaintiff JEREMY KEY restates and re-alleges paragraphs one (1) through and including twenty-nine (29), as alleged aforesaid, as paragraph 44 of Count IV of his complaint as fully restated and incorporated herein.

45.     At all relevant times herein, Defendants WILLIAM ELLIOT and LUIS CASTELLANOS, without consent and without legal justification, intentionally pushed, shoved, hit, handcuffed and/or otherwise physically harmed and restrained Plaintiff JEREMY KEY, without probable cause or justification, thereby committing an unlawful battery under Illinois law.

46.     As the direct and proximate result of one or more of the intentional acts or omissions of Defendants WILLIAM ELLIOT and LUIS CASTELLANOS, as alleged aforesaid, Plaintiff JEREMY KEY was caused severe and permanent injuries that required and will continue to require the incurrence of significant medical bills for necessary medical care and treatment. As a further result, he was caused pain and suffering, loss of a normal life, lost wages and earning capability, an increased likelihood

of future injury, all of which are expected to continue into the future on a permanent basis.

WHEREFORE the Plaintiff, JEREMY KEY, prays that this Honorable Court enter judgment in his favor and against the Defendants, WILLIAM ELLIOT and LUIS CASTELLANOS, and each of them, in an amount in excess of seventy-five thousand dollars ($75,000.00), reasonable expenses incurred in this litigation, and punitive damages.

<div align="center">

**COUNT V**
**JEREMY KEY v. WILLIAM ELLIOT and LUIS CASTELLANOS**
**Violation of Illinois Common Law- False Arrest and Imprisonment**

</div>

47.     Plaintiff JEREMY KEY restates and re-alleges paragraphs one (1) through and including twenty-nine (29), as alleged aforesaid, as paragraph 47 of Count V of his complaint as fully restated and incorporated herein.

48.     At all relevant times herein, Defendants WILLIAM ELLIOT and LUIS CASTELLANOS intentionally handcuffed and otherwise restrained Plaintiff JEREMY KEY without probable cause or justification, for the offenses of obstructing traffic by a non-motorist, disorderly conduct, assault of a police officer and battery of a police officer thereby committing the tort of false arrest and imprisonment under Illinois law.

49.     As a direct and proximate result of his false arrest, Plaintiff JERMEY KEY suffered severe and the permanent physical and psychological injuries as well as humiliation, injury to his reputation and loss of a normal life.

WHEREFORE the Plaintiff, JEREMY KEY, prays that this Honorable Court enter judgment in his favor and against the Defendants, WILLIAM ELLIOT and LUIS CASTELLANOS, and each of them, in an amount in excess of seventy-five thousand

<div align="center">13</div>

dollars ($75,000.00), reasonable expenses incurred in this litigation, and punitive damages.

### COUNT VI
### JEREMY KEY v. CITY OF CHICAGO
**State Law Claim for Respondeat Superior**

50.     Plaintiff JEREMY KEY restates and re-alleges paragraphs one (1) through and including twenty-nine (29) , as alleged aforesaid, as paragraph 50 of Count VI of his complaint as fully restated and incorporated herein.

51.     Defendants WILLIAM ELLIOT and LUIS CASTELLANOS were, at all times relevant to the allegations made in this complaint, employees and agents of Defendant CITY OF CHICAGO acting within the scope of their employment.

52.     Defendant CITY OF CHICAGO is liable for the wrongful acts of Defendants WILLIAM ELLIOT and LUIS CASTELLANOS, as alleged aforesaid, under the doctrine of *respondeat superior,* and is legally obligated under Illinois law (745 ILCS 10/9-102), to indemnify Defendants WILLIAM ELLIOT and LUIS CASTELLANOS for their wrongful conduct, as alleged aforesaid.

WHEREFORE the Plaintiff, JEREMY KEY, prays that this Honorable Court enter judgment in his favor and against the Defendant, CITY OF CHICAGO, in an amount in excess of seventy-five thousand dollars ($75,000.00), reasonable expenses incurred in this litigation, and punitive damages.

### COUNT VII
### JEREMY KEY v. CITY OF CHICAGO
**Deliberately Indifferent Policies, Practices Customs, Training and Supervision in violation of the Fourth and Fourteenth Amendments and in violation of 42 USC 1983**

53.     Plaintiff JEREMY KEY restates and re-alleges paragraphs one (1) through and including twenty-nine (29), as alleged aforesaid, as paragraph 53 of Count VII of his complaint as fully alleged and incorporated herein.

54.     The conduct of Defendants WILLIAM ELLIOT and LUIS CASTELLANOS, in violating the rights of Plaintiff JEREMY KEY under the Fourth and Fourteenth Amendments to the Constitution of the United States and the provisions of 42 U.S.C Section 1983, as alleged above, were proximately caused by the actual and/or de facto customs, policies, and practices of Defendant THE CITY OF CHICAGO, as promulgated, enforced, and disseminated by its police department and its officials charged with ensuring proper police conduct commensurate with a civilized society.

55.     At all relevant times herein, Defendant CITY OF CHICAGO had interrelated de facto policies, practices, customs and usages of using excessive force against persons of African-American descent, retaliating against witnesses to police misconduct against African-American descent, and discouraging police officers from reporting the misconduct of other officers against citizens of African-American descent.

56.     At all times relevant herein, Defendant CITY OF CHICAGO, acting though its police department, and through the individual defendants, had policies, practices, customs, and usages of failing to adequately supervise, monitor, discipline and control its police officers, as well as encouraging and/or tacitly sanctioning the violation of the rights of African-American citizens, including but not limited to, Plaintiff JEREMY KEY, to be free from excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

15

57.     At all relevant times herein, Defendant CITY OF CHICAGO, acting
through the Chicago Police Department, had in effect policies, practices and customs that
condoned and fostered the unconstitutional conduct of Defendants WILLIAM ELLIOT
and LUIS CASTELLANOS, and were a direct and proximate cause of the damages and
injuries complained of herein.

58.     It is the longstanding widespread indifferent custom, habit, practice and/or
policy of Defendant CITY OF CHICAGO, to permit police officers to use race and race
based animus as motivating factors in police decisions and actions, as well as to fail to
adequately and properly supervise and to train officers in the rights of citizens to be free
from such race based decisions making in law enforcement.

59.     At all relevant times herein, Defendant CITY OF CHICAGO encouraged,
tolerated, ratified and acquiesced to a dangerous environment of police conduct towards
African-American citizens by, among other things:

(a)     failing to properly hire, train, supervise, discipline, transfer, monitor,
        counsel and/or otherwise control police officers who commit acts of
        excessive force against African-American citizens and other minority
        citizens;

(b)     failing to adequately punish the use of force and false arrest by its
        police officers towards African-American citizens and other minority
        citizens;

(c)     tolerating the use of force and false arrest by is police officers against
        African-American citizens and other minority citizens;

(d)     encouraging and/or tolerating a police code of silence;

(e)     failing to properly investigate complaints by African-American citizens of
        excessive force and false arrests by members of its police department and
        acts of misconduct were instead tolerated;

(f)     failing to adequately punish race based law enforcement actions;

16

(g)     tolerating racism, slurs, and race based selective law enforcement among the police force and in police decisions;

(h)     failing to properly investigate citizen complaints of racism, use of racial slurs, racial profiling, race based animus, and tolerance of collusive statements by involved officers in such situations; and

(i)     failing to adequately supervise its police officers.

60.     The existence of deficiencies that resulted in the unconstitutional customs and policies, as alleged herein, is evidenced by the countless repeated occurrences of similar wrongful conduct documented in the past years.

61.     The existence of deficiencies  is also evidenced by the recent report authored by Defendant CITY OF CHICAGO entitled "Police Accountability Task Force, Recommendations for Reform, whose authors concluded that Defendant CITY OF CHICAGO and its law enforcement parastatals have for decades systematically failed in ways that cause extra judicial death and injury at the hands of police, random but pervasive physical and verbal abuse by the police, deprivation of basic and human constitutional rights, and lack of individual and systemic accountability, that disproportionately affect young, male African-American citizens.

62.     Prior to March 9, 2016, Defendant the CITY OF CHICAGO was aware of several complaints of police misconduct involving the use of excessive force and retaliatory use of force by members of the Chicago Police Department, as well as a pattern of abuse of African-American citizens.

63.     On information and belief, Defendant the CITY OF CHICAGO was aware of several complaints of police misconduct by Defendants WILLIAM ELLIOT and LUIS CASTELLANOS involving the use of excessive force and retaliatory use of force by members of the Chicago Police Department, and therefore, knew or should have known,

17

of Defendants WILLIAM ELLIOT and LUIS CASTELLANOS likelihood of engaging in misconduct of the type alleged herein against citizens of African-American descent.

64.     Despite its knowledge of such incidents of prior misconduct, on information and belief, the CITY OF CHICAGO failed to take remedial action against those police officers, including but not limited to, Defendants WILLIAM ELLIOT and LUIS CASTELLANOS, and failed to institute an effective system to address instances of race based misconduct by members of its police force, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

65.     Had Defendant CITY OF CHICAGO had constitutional adequate policies, customs and practices, on information and belief, it would have with any degree of due diligence flagged Defendants WILLIAM ELLIOT and LUIS CASTELLANOS as police officers likely to violate the rights of African-American citizens before they had a chance to violate the rights of Plaintiff JEREMY KEY.

66.     As a result of the above described policies and customs of Defendant CITY OF CHICAGO, its police officers, including but not limited to, Defendants WILLIAM ELLIOT and LUIS CASTELLANOS, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated, and that they could act in such a manner without fear of consequence and with impunity.

67.     Furthermore, it was the policy, practice, and custom of Defendant CITY OF CHICAGO, and its police department, to condone and promote the so-called "police code of silence" that results in police officers refusing to report instances of police misconduct of which they are aware, including the unjustified use of force against

18

citizens of African-American descent, despite their obligation under police regulations to do so, and also includes police officers either remaining silent or giving false and misleading information during official investigations in order to protect themselves or fellow officers from internal discipline, civil liability or criminal charges, in cases where they and their fellow officers have used excessive force of citizens of African-American descent.

68.    On information and belief, but for the belief that they would be protected from serious consequences, Defendants WILLIAM ELLIOT and LUIS CASTELLANOS would not have engaged in the conduct that resulted in the deprivation of the constitutional rights of Plaintiff JEREMY KEY, as alleged aforesaid.

69.    The interrelated policies, practices and customs, as alleged herein, were maintained and implemented with deliberate indifference, and encouraged Defendants WILLIAM ELLIOT and LUIS CASTELLANOS to commit the acts alleged in this complaint, and therefore, are the moving forces behind, and the direct and proximate causes of, the injuries and damages sustained by Plaintiff JEREMY KEY.

70.    At all relevant times herein, it was also the policy and custom of the CITY OF CHICAGO to inadequately train its police officers, including the individual Defendants herein, by failing to, among other things, require appropriate in-service or re-training of officers who were known to have engaged in police misconduct, particularly against citizens of African-American descent.

71.    At all relevant times herein, the need for specialized training and supervision by Defendant CITY OF CHICAGO of its police officers, including but not limited to, Defendants WILLIAM ELLIOT and LUIS CASTELLANOS, was so obvious,

and the inadequacy of training and/or supervision was so likely to result in the violation

of constitutional and federal rights such as those described herein, particularly by those of

Defendants WILLIAM ELLIOT and LUIS CASTELLANOS, that the failure to provide

such specialized training and supervision is deliberately indifferent to the rights of

Plaintiff JEREMY KEY.

72.     The deliberately indifferent inadequate training provided by Defendant

CITY OF CHICAGO resulted from a conscious or deliberate choice to follow a course of

action from among various alternatives available to it and were the moving forces in the

constitutional and federal violation injuries complained of by Plaintiff JEREMY KEY by

Defendants WILLIAM ELLIOT and LUIS CASTELLANOS.

73.     The actions and or inactions by Defendant CITY OF CHICAGO, as

alleged above, amounts to deliberate indifference to the rights of African-American

citizens, including but not limited to, Plaintiff JEREMY KEY, to be free from excessive

force and unreasonable seizures under the Fourth and Fourteenth Amendments to the

Constitution of the United States and the provisions of 42 U.S.C Section 1983.

74.     The actual and/or de facto policies, practices, and customs of failing to

hire, train, supervise, monitor, discipline, transfer, counsel and/or control police

misconduct and the code of silence are interrelated and exacerbate the effects of each

other, to immunize police officers from discipline.

WHEREFORE the Plaintiff, JEREMY KEY, prays that this Honorable Court

enter judgment in his favor and against the Defendant, CITY OF CHICAGO, in an

amount in excess of seventy-five thousand dollars ($75,000.00), reasonable expenses

incurred in this litigation, including reasonable attorneys' fees pursuant to 42 U.S.C Section 1988.

<div align="center">

**COUNT VIII**
**JOENQUEL FRAZIER - Loss of Consortium**

</div>

75.     Plaintiff JOENQUEL FRAZIER re-alleges paragraphs one (1) through twenty-nine (29), as alleged aforesaid, as paragraph 69 of Count VI of her complaint as fully incorporated herein.

76.     At all relevant times herein, Plaintiff JOENQUEL FRAZIER was the lawfully wedded wife of Plaintiff JEREMY KEY.

77.     As a direct and proximate result of the wrongful conduct of the Defendants herein, as alleged aforesaid, Plaintiff JOENQUEL FRAZIER suffered the loss of her husband's consortium arising of the injuries he sustained, and therefore, under Illinois law is entitled to recover damages against the Defendants.

WHEREFORE the Plaintiff, JOENQUEL FRAZIER, prays that this Honorable Court enter judgment in his favor and against the Defendants, CITY OF CHICAGO, WILLIAM ELLIOT and LUIS CASTELLANOS, and each of them, in an amount in excess of seventy-five thousand dollars ($75,000.00), reasonable expenses incurred in this litigation.

AMBROSE BUTZEN LAW GROUP, P.C.


By: /s/ David R. Butzen
      Attorney for Plaintiffs

AMBROSE BUTZEN LAW GROUP, P.C.
Attorneys for Plaintiff
77 West Washington, Suite 1124
Chicago, Illinois 60602
312-726-1470